UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No.  5:25-cv-00469-CV-SHK | Date: May 1, 2025 |
| Title:  *Ryan Abair v. Saks Fifth Avenue Retail Company* | |

Present: <u>The Honorable CYNTHIA VALENZUELA, U.S. District Judge</u>

| Jessica Cortes | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**  ORDER DISMISSING CASE FOR FAILING TO FILE A COMPLETE *IN FORMA PAUPERIS* REQUEST OR PAY FILING FEE, AND FOR FAILING TO FOLLOW COURT ORDER

    All parties instituting a civil action, suit, or proceeding in a district court of the United States must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1).

    On March 13, 2025, the Court postponed ruling on Plaintiff's request to proceed *in forma pauperis* ("Request") because it was incomplete. (Docket Nos. 2, 11). Specifically, the Court noted it was unclear how Plaintiff could afford to live and pay for daily expenses if she has been unemployed for years, has no money in her accounts, and has no other source of income. (Docket No. 11 (citing *GMS Liberty LLC v. Hib*, 2018 WL 1150839, at *1 (S.D. Cal. Mar. 2, 2018) (*in forma pauperis* status denied because plaintiff failed to explain how he managed to pay for expenses while alleging he had no income of any kind); *Holland v. Lake Cnty. Mun. Gov't*, 2013 WL 2456105, at *2 (N.D. Ind. June 6, 2013))). The Court

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

**CIVIL MINUTES – GENERAL**

Case No.   5:25-cv-00469-CV-SHK                                  Date: May 1, 2025

Title:   *Ryan Abair v. Saks Fifth Avenue Retail Company*

directed Plaintiff to either: (1) refile a fully completed Request on the Court's CV-60 form and file a <u>one-page</u> statement explaining the discrepancy; or (2) pay the full filing fee. (Docket No. 11). The Court warned that if Plaintiff did not comply within 30 days, the case would be dismissed without prejudice. (*Id*.).

      Instead of complying, Plaintiff filed a "Request for Set of Interrogatories and Requests for Production from Defendant" (Docket No. 14), "Notice of Correction of Defendant's Name" (Docket No. 15), "Declaration Establishing Amount Due" (Docket No. 16), a four-page "Explanation for Denial or Delay of Fee Waiver" (Docket No. 17), and a sixty-nine page "Declaration Establishing Sum Certain" (Docket No. 18). None of the documents explain how Plaintiff can afford to live and pay for expenses if she has been unemployed, has no money in her accounts, and has no other source of income. (Docket No. 11). Additionally, Plaintiff never refiled her Request on the Court's CV-60 form, as directed. (*Id*.).

      Accordingly, this action is **DISMISSED** without prejudice for failing to file a complete Request or pay the filing fee, and for failing to comply with the Court's Order. *See, e.g., Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995); *Roberts v. Soc. Sec. Dep't*, 2022 WL 4088755, at *2 (S.D. Cal. Sept. 6, 2022) (action may be dismissed without prejudice where plaintiff fails to establish *in forma pauperis* status and does not pay required filing fee); *Jeffrey H. v. Comm'r, Soc. Sec. Admin*., 2019 WL 2870082, at *2 (D. Or. July 3, 2019) (dismissing for failing to prosecute and comply with court orders where plaintiff failed to follow scheduling rules and order).

      All other pending matters are **TERMINATED**.

      **IT IS SO ORDERED.**